UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAMONT HAWKINS p/k/a "U-GOD",                 Case No. 08 Civ. 00159 (JGK)

              Plaintiff,                 **ANSWER**

       vs.                                                **ECF CASE**

WU MUSIC GROUP, LLC.,

              Defendant.
------------------------------------------------------------X

      Defendant, Wu Music Group, LLC. by its attorney, Anthony Motta, alleges the following as its Answer to Plaintiff's complaint:

1. Denies each and every allegation of paragraph 1 of the complaint.

2. Denies each and every allegation of paragraph 2 of the complaint except defendant refers the court to the contract (the "Contract") dated April 1, 2007 among defendant and members of the Wu-Tang Clan, including plaintiff, for the terms of the Contract.

3. Denies each and every allegation of paragraph 3 of the complaint.

4. Denies each and every allegation of paragraph 4 of the complaint.

5. Denies each and every allegation of paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 6 of the complaint.

7. Admits the allegations of paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the complaint.

9. Denies each and every allegation of paragraph 9 of the complaint, except admits that the court has personal jurisdiction over the defendant.

10. Denies each and every allegation of paragraph 10 of the complaint, except admits that venue is properly laid in the Southern District of New York.

11. Admits the allegations of paragraph 11 of the complaint.

12. Denies each and every allegation of paragraph 12 of the complaint, except admits defendant is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York County.

13. Denies each and every allegation of paragraph 13 of the complaint, except admits that defendant entered into a contract (the "Universal Recording Agreement"), dated May 18, 2007, with Universal Records, a division of UMG Recordings, Inc., that provided, in part, that defendant would provide the services of the Wu-Tang Clan for the purpose of recording a new musical album to be commercially distributed and sold to the general public by Universal Records.

14. Denies each and every allegation of paragraph 14 of the complaint, except admits that the Universal Recording Agreement required payment of an advance for the musical recording services to be provided by the Wu-Tang Clan.

15. Denies each and every allegation of the paragraph 15 of the complaint, except admits that defendant entered into additional agreements relating to the Wu-Tang Clan at or about the time of the Universal Recording Agreement.

16. Denies each and every allegation of paragraph 16 of the complaint.

17. Denies each and every allegation of paragraph 17 of the complaint.

18. Admits the allegations of paragraph 18 of the complaint.

19. Denies each and every allegation of paragraph 19 of the complaint, except the defendant refers the court to the Bodog Agreement for its terms.

20. Denies each and every allegation of paragraph 20 of the complaint, except admits that agreements were entered into to provide the services of the Wu-Tang Clan for live musical performances at a number of venues in Europe.

21. Denies each and every allegation of paragraph 21 of the complaint.

22. Denies each and every allegation of paragraph 22 of the complaint, except admits that an affiliate of the defendant entered into a contract ("Rock the Bells Tour Agreement") with Rock the Bells, LLC, dated March 1, 2007, to furnish the services of the Wu-Tang Clan for the conduct of live musical performances at eighteen musical concerts in the United States.

23. Denies each and every allegation of paragraph 23 of the complaint, except admits that the Rock the Bells Tour Agreement required payments to be made to defendant's affiliate and otherwise refers the court to the agreement for its terms.

24. Denies each and every allegation of paragraph 24 of the complaint, except admits that defendant entered into a merchandising agreement (the "Anthill Agreement"), dated May 14, 2007, with Anthill Trading Ltd. LLC and defendant refers the court to the Anthill Agreement for its terms.

25. Denies each and every allegation of paragraph 25 the complaint, except the defendant refers the court to the Anthill Agreement for its terms.

26. Denies each and every allegation of paragraph 26 of the complaint, except admits that to comply with the various contracts to which it was a party defendant was required to secure certain rights from each member of the Wu-Tang Clan.

27. Denies each and every allegation of paragraph 27 of the complaint.

28. Denies each and every allegation of paragraph 28 of the complaint, except admits that defendant entered into the Contract and defendant refers the court to the Contract for its terms.

29. Denies each and every allegation of paragraph 29 of the complaint, except defendant refers the court to the Contract for its terms.

30. Denies each and every allegation of paragraph 30 of the complaint.

31. Denies each and every allegation of paragraph 31 of the complaint, except admits the defendant received an advance in conformity with the Universal Recording Agreement.

32. Denies each and every allegation of paragraph 32 of the complaint, except admits that defendant received an advance on publishing royalties related to the Wu-Tang Clan album released on or about December 11, 2007.

33. Denies each and every allegation of paragraph 33 of the complaint, except admits the defendant received an advance under the Bodog Agreement.

34. Denies each and every allegation of paragraph 34 of the complaint, except admits the defendant received European Tour Income.

35. Denies each and every allegation of paragraph 35 of the complaint, except admits the defendant received Rock the Bells Tour Income.

36. Denies each and every allegation of paragraph 36 of the complaint, except admits the defendant received an advance under the Anthill Agreement.

37. Admits the allegations of paragraph 37 of the complaint.

38. Denies each and every allegation of paragraph 38 of the complaint.

39. Denies each and every allegation of paragraph 39 of the complaint.

40. Denies each and every allegation of paragraph 40 of the complaint.

41. Denies each and every allegation of paragraph 41 of the complaint.

42. Denies each and every allegation of paragraph 42 of the complaint.

43. Defendant repeats the denials and admissions set forth in its responses to paragraphs 1 through 42 of the complaint.

44. Denies each and every allegation of paragraph 44 of the complaint.

45. Denies each and every allegation of paragraph 45 of the complaint.

46. Denies each and every allegation of paragraph 46 of the complaint.

47. Denies each and every allegation of paragraph 47 of the complaint.

48. Denies each and every allegation of paragraph 48 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

49. Failure to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

50. Failure to satisfy a condition precedent to commencement of the lawsuit.

### THIRD AFFIRMATIVE DEFENSE

51. Plaintiff's breach of the Contract precludes his recovery.

### COUNTERCLAIM

52. Defendant repeats the denials, admissions and allegations set forth in paragraphs 1 to 51 of the Answer.

53. Defendant in concert with Clifford Smith, and/or Gary Grice, and/or Dennis Coles, and/or Corey Woods, and/or Jason Hunter, and/or Elgin Turner, and/or Darryl Hill breached the

Contract by preventing Anthill Trading Ltd. LLC from performing under the Anthill Agreement, thereby depriving both defendant and Anthill of merchandising revenues, and rendering defendant in breach of the Anthill Agreement.

54. As a result defendant has been damaged in an amount to be determined at trial, not less than $100,000.

**WHEREFORE**, defendant, Wu Music Group, LLC, demands judgment:

(i) dismissing the complaint;

(ii) awarding defendant damages on its counterclaim in an amount be determined at trial, not less than $100,000;

(iii) awarding defendant the costs and disbursements of this action and reasonable attorney's fees and expenses: and

(iv) awarding defendant such other and further relief as the court deems necessary and appropriate.

Dated: March 10, 2008
New York, New York

_____
**ANTHONY MOTTA**
Attorney for defendants
50 Broadway, Suite 2202
New York, NY 10004
Tel: (212) 791-7360

To:   Law Offices of Paul A. Chin
      Attorney for Plaintiff
      The Woolworth Building
      233 Broadway, 5th Floor
      New York, NY 10279